Filed 8/20/25  P. v. Kline CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>ULISES KLINE,<br><br>　Defendant and Appellant. | 2d Crim. No. B338041<br>(Super. Ct. No. 2008048465)<br>(Ventura County) |

Ulises Kline appeals from the order denying his request for sentencing, based upon *People v. Heard* (2022) 83 Cal.App.5th 608.  The contention is without merit and we will affirm the order denying resentencing.

The facts, circumstances, and history of the case are found in *People v. Arauz* (2012) 210 Cal.App.4th 1394.  It is sufficient to observe that in 2010, appellant, at age 15, attempted to murder two rival gang members with a firearm.  He was convicted in adult court and sentenced to an aggregate term of imprisonment for 32 years to life.  He is presently incarcerated.  He will be released on parole when the California State Parole Board deems

him suitable therefor.  We express no opinion on whether or when he should be granted parole.

We have previously held that a sentence of 40 years to life is not the functional equivalent of life without the possibility of parole.  (*People v. Walton* (Jan. 24, 2025, B334605), opn. by Cody, J., Yegan, A.P.J., Baltodano, J., concur; review denied, Liu, Evans, would grant review.)  We adhere to our own precedent and conclude that the present sentence of 32 years to life is not the functional equivalent of life without the possibility of parole.

The published and non-published cases in the wake of *People v. Heard* (2022) 83 Cal.App.5th 608 have fragmented the legal landscape covering sentencing for minors sentenced to prison for the "functional equivalent" of life without parole. There is no good reason for us to reanalyze these opinions and only the California Supreme court can settle this issue.

Recently, Justice Adams reanalyzed the decisional law and Division Three of the Second Appellate District held that a 50 year to life sentence was not the "functional equivalent" of LWOP.  (*People v. Thompson* (2025) 112 Cal.App.5th 1058.)  We agree with this well-written and comprehensive opinion.

The Judgement (order denying resentencing) is affirmed. <u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.